## ESTATE OF L. RITTENHOUSE, DECEASED.

APPEAL BY BENJ. RITTENHOUSE FROM THE ORPHANS' COURT OF MONTGOMERY COUNTY.

Argued February 5, 1891—Decided February 16, 1891.

1. The vestry-men of a church, as the representatives of a corporate body, must meet, to take official action, and a resolution, declining to accept a legacy under a will, passed at a meeting at which there is not a quorum present, is void, although a copy of it is afterwards signed by an additional member making up a quorum.
2. An instrument signed by the vestry-men of a church, authorizing and delegating the accounting warden, "to settle" a claim "amicably and on the best terms and conditions obtainable and convenient with all the circumstances of the case," is at most a revocable power of attorney, and not a submission to arbitration.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 153 July Term 1890, Sup. Ct.; court below, number and term not given.

In the Court below, *Mr. J. A. Strassburger* was appointed auditor, to determine exceptions and to report a schedule of distribution of the estate of Louisa Rittenhouse, deceased.

On the hearing before the auditor it was shown that Louisa Rittenhouse had died on or about May 21, 1887, leaving a will dated July 14, 1886, duly admitted to probate on May 25, 1887, wherein a legacy of $500 was bequeathed to Christ's Episcopal Church at Swedesburg, and a legacy of like amount to St. James'

### Statement of Facts.

Episcopal Church at Evansburg, these churches being corporate bodies; that on June 24, 1887, Benjamin Rittenhouse, a brother of the testatrix, appealed from the decision of the register admitting said will to probate, and a rule was granted to show cause why an issue devisavit vel non should not be awarded.

That, pending this rule, eight of the eleven members of the vestry of St. James' Church, without a meeting of that body, signed the following instrument:

" In the matter of the last will and testament of Louisa Rittenhouse, late of Norristown, Pa., dec'd.

" We the undersigned members of the vestry of St. James' P. E. Church, at Evansburg, Montgomery county, Pa., do hereby appoint and delegate Dr. M. Y. Weber, the accounting warden, to amicably arrange and settle the claim of the said St. James' P. E. Church with Benj. Rittenhouse, a surviving brother of said decedent, and who is by due process of law contesting the said last will and testament as against Geo. W. Rogers and his wife, who are named therein as residuary legatees. The said Geo. W. Rogers and wife having offered a sum of money to the said contesting brother satisfactory to him, he now desires to know the pleasure of St. James' P. E. Church through its vestry, and therefore solicits a conference with one or more, with a view to final settlement. And in response to this request, full power is herein given to the said Dr. M. Y. Weber, warden, to settle said claim amicably, and on the best terms and conditions obtainable, and convenient with all the circumstances of the case and the pleasure of the family."

That a copy of this instrument was sent to the counsel of Benjamin Rittenhouse; but, before anything had been done in pursuance of the authority therein contained, a meeting of the vestry was regularly convened and a resolution passed revoking the instrument and declaring it to be void.

That, also pending the rule, at a meeting of the vestry-men of Christ's Church, held February 11, 1888, one less than a quorum of the members being present, a resolution was passed and signed by the members present, which was as follows:

" Resolved, that this vestry decline to accept the bequest contained in item 6 of the will of the late Louisa Rittenhouse, as follows: . . . . . "

That the signature of an absent member of the vestry was

afterwards obtained to a copy of the foregoing resolution, and the copy given to the counsel of Benjamin Rittenhouse, with a statement of the manner in which the resolution had been passed and signed; that on March 5, 1888, Mr. Rittenhouse, relying, as was alleged, upon the above-mentioned action of the churches, withdrew his appeal from the decree of the register; that on May 12, 1888, the vestry of Christ's Church held an annual meeting, at which the minutes of the meeting of February 11, 1888, were not approved, because there was not a quorum present at the time thereof.

Upon the foregoing facts, the auditor, as to the legacy to St. James' Church, reported as follows:

Counsel for the contestant, Mr. Rittenhouse, contend that Dr. Weber must be viewed as an arbitrator, selected by the parties to settle and adjust the claim amicably and on the best terms and conditions; but the auditor fails to see any testimony to support such a position. It nowhere appears that Dr. Weber was selected as an arbitrator. They further contend that the auditor has no jurisdiction to decide the matter. This is not tenable. The auditor was appointed upon the exceptions and application of Mr. Rittenhouse himself. He having selected this forum cannot now repudiate it.

The auditor therefore awards the said legacy to the said corporation, less the collateral inheritance tax and its share of the expenses of this audit.

—And, as to the legacy to Christ's Church, the auditor reported as follows:

The question before the auditor is whether the legacy should be awarded to the church or to Mr. Rittenhouse on these facts. The executor agreed to pay it to any one, if the church released him. Was the action of the vestry on February 11, 1888, the action of the corporation? There was no power in the vestry to dispose of the property of the church except at and by regular corporate meetings; no power in the individual members of the vestry, as such individuals, to dispose of the property of the church. The auditor is of opinion that the action of the vestry of February 11, 1888, was illegal. The directors of a corporation cannot bind it unless by corporate action according to the charter and by-laws. Therefore, inasmuch as

the resolution of February 11, 1888, was passed at a meeting where no quorum was present, the church is not bound by such action unless it afterwards ratifies such action. In the case at hand, the subsequent action of the corporation repudiated the action of February 11, 1888, and refused to recognize that meeting at all. Its minutes were not approved, and so far as the church is concerned it is as if they never had been. It is therefore unnecessary to discuss the other aspects of the case, because the church did nothing which could be construed into any relinquishment of this legacy.

The legacy in item 6 of the said will is therefore awarded to said church, less the collateral inheritance tax and the proportionate share of the expenses of this audit.

—The auditor reporting a distribution accordingly, exceptions were filed by Benjamin Rittenhouse, which, after argument, were dismissed, and the auditor's report confirmed, except as to his disposition of the costs, the court, SWARTZ, P. J., ordering that one half the costs should be paid by the estate and the other half by the exceptant. Thereupon, the exceptant took this appeal, specifying the dismissal of his exceptions, the confirmation of the auditor's report, and the order imposing upon him one half the costs, for error.

*Mr. G. R. Fox, Jr.,* and *Mr. J. P. Hale Jenkins* (with them *Mr. G. R. Fox*), for the appellant.

Counsel cited: Ridgway v. Farmers' Bank, 12 S. & R. 256; Commonwealth v. Cullen, 13 Pa. 144; St. Mary's Church, 6 S. & R. 498; Livingston v. Lynch, 4 Johns. Ch. 596; Chestnut Hill Turnp. Co. v. Rutter, 4 S. & R. 16; Tenny v. Lumber Co., 43 N. H. 343; Perkins v. Insurance Co., 4 Cow. 659; Hoyt v. Thompson, 19 N. Y. 206; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Pittsb. etc. R. Co. v. Stewart, 41 Pa. 59; Morgan v. Stell, 5 Binn. 314.

*Mr. Franklin March* and *Mr. B. E. Chain,* for the appellees.

Counsel cited: Commonwealth v. Cullen, 13 Pa. 133; Allegheny Co. Workhouse v. Moore, 95 Pa. 408; Balliett v. Brown, 103 Pa. 546; Campbell's Est., 7 Pa. 100; Kennedy v. Ware, 1 Pa. 450; Scott v. Lauman, 104 Pa. 593; Helfenstein's Est., 77 Pa. 328.

Opinion of the Court.

Per Curiam:

The learned auditor has given sufficient reasons for awarding to the St. James' Episcopal Church at Evansburg, and to Christ's Church of Swedesburg, the legacies to which they were entitled under the will of Louisa Rittenhouse. The appellant claimed these legacies, although not entitled to them by the will, by virtue of an alleged agreement or compromise by which he was induced to withdraw his objections to the probate of the will. But he failed to show any valid agreement by which the church authorities agreed that he should receive these legacies.

It is true, a paper was produced purporting to be a minute of the vestry meeting of Christ's Church, by which it was resolved that the vestry "decline to accept the bequest contained in item No. 6 of the will of the late Louisa Rittenhouse," etc. But there was no agreement on the part of the vestry to give the legacy to the appellant. Moreover, it appeared that, when this resolution was passed, there was not a legal number of vestry-men present, and the fact that another member was subsequently, and not at a vestry meeting, induced to sign the paper, does not help the matter. The vestry-men of a church, as the representatives of a corporate body, must meet in order to take official action. They cannot act singly, upon the streets, or wherever they may be found. This is because they are required to deliberate. It is the right of the minority to meet the majority, and, by discussion and deliberation, to bring them over, if possible, to their own views. It also appeared that a subsequent meeting of the vestry refused to approve the minutes at the prior meeting above referred to.

The paper signed by certain members of the vestry of St. James' Church does not represent any corporate action, nor was it ever before a meeting of the vestry, except to be repudiated. It was, at most, a power of attorney,—not, as claimed, a submission or reference to an arbitrator,—and was subsequently revoked.

The appellant has not established a claim to either of these legacies. We think the costs were properly divided between the estate and appellant.

> The decree is affirmed, and the appeal dismissed at the costs of the appellant.