Sam **COATES**, Ben Curry, Alice West, Elijah Johnson, Frank Moseley, Dave Ruffin, George DuBoss, James Crockett, Julia Johnson, Dora Jones and Marcellus S. Addison (Plaintiffs), Respondents,

v.

Leftwich **PARCHMAN**, Archie Bridgman, George Dawson, Mary Dawson, Brice Huddleston, Elia B. Huddleston, Tim Jones, James Love, David Davis, Willie Hancock, Charles Campbell and Milton McGuire (Defendants), Appellants.

No. 30441.

St. Louis Court of Appeals.

Missouri.

April 19, 1960.

Motion for Rehearing on Motion to Dismiss Appeal Denied May 16, 1960.

Robert L. Witherspoon, Alphonse J. Lynch, St. Louis, for appellants.

John Grossman, St. Louis, for respondents.

ANDERSON, Judge.

This is an action for a declaratory judgment brought by plaintiffs, who claimed to be the officers of St. Bethel Missionary Baptist Church, against defendants, who also claimed to be the duly elected officers of said church. The object of the suit was to establish the status of each plaintiff as an officer, and the obtaining of an injunction against defendants from interfering with the performance of plaintiffs' duties as such. The defendants in their answer prayed that they be declared the duly elected officers of said church, and that an injunction be issued in their favor restraining plaintiffs and their associates from holding themselves out as officers and members of said church; that plaintiffs be enjoined from using the name St. Bethel Missionary Baptist Church and that plaintiff Marcellus S. Addison be enjoined from holding himself out as pastor of said church.

The court found that plaintiffs were the duly elected officers of said church, and by its decree directed defendants to turn over to plaintiffs all property of every kind and description belonging to said church. The court also, by its decree, enjoined defendants from in any manner usurping the rights, powers and duties of plaintiffs as officers of said church; from interfering with or harassing plaintiffs in the performance of their duties; from interfering with or disturbing the pastor, Reverend Addison; from disturbing the orderly worship in said church, or interfering with the business meetings of said church; from using force and violence, or threatening to use force and violence against plaintiffs or the members of the church; from assuming or attempting to perform any duties as officers of said church; from assuming physical control of the church premises, or interfering with the peaceable ingress and egress to and from said church by plaintiffs and members thereof; from negotiating any settlement with the St. Louis Land Clearance Authority with respect to the disposition, sale or conveyance of the real estate belonging to said church, or representing said church in the condemnation suit then pending in the Circuit Court of the City of St. Louis, unless under the sanction and authority of the officers of the church. All other persons acting in association with defendants were also enjoined in the above respects. The court also found in favor of plaintiffs and against defendants upon the issues raised by defendants' answer. From this decree, defendants have appealed.

The real estate of the St. Bethel Missionary Baptist Church is held by a corporation organized under a pro forma decree of the Circuit Court of the City of St. Louis, entered February 25, 1944, and the church building owned by it is located at 2618 Walnut Street in the City of St. Louis. The church is a self-governing body and is not bound by the orders, decrees, edicts or judgments of any other person or church body. The officers of the corporation and of the church congregation are elected by the members. The officers of the corporation are: President, Vice-President, Secretary, Treasurer, and Board of Trustees. The congregation elects a Board of Deacons consisting of seven members, a church clerk, financial secretary, corresponding secretary, president of the choir, superintendent of the Sunday School, and president of the usher board. The terms

of all officers are for one year. It has been the custom to hold the annual election of officers at a meeting of the congregation held on the Tuesday night next prior to the first Sunday in January. Notice of said meeting is given by an announcement at the church by the pastor or a deacon at the regular Sunday morning service on the two Sundays next preceding the date of the proposed meeting. Members of the church who are in good standing and entitled to vote are those who support the church, pay dues and come to worship. The Board of Deacons attend to the temporal affairs of the church and assist the pastor.

The following named members of the church were elected in 1957 to serve as members of the Board of Deacons for the year 1958: Samuel Coates, Elijah Johnson, James Crockett, Ben Curry, David Davis, Leftwich Parchman, and James Love. James Love was Chairman. Defendants offered evidence that James Crockett was not a member of the board, but the weight of the credible testimony compels a finding that he was.

The church property at 2618 Walnut Street is located within the Mill Creek Valley District and is the subject of a condemnation suit brought by the St. Louis Land Clearance Authority. During 1958 a controversy arose between two groups of persons belonging to the church over the sale of the church property and the purchase of another site at 4215 Kossuth Avenue. In October, 1958, thirty-five members of the church filed suit to restrain the sale and purchase of the respective sites by the trustees and to enjoin the defendants therein from interfering with Reverend M. S. Addison in the performance of his duties as pastor. Plaintiffs herein were also plaintiffs in that suit. A trial in said cause was had before Judge McMillian and was concluded on November 25, 1958. On December 1, 1958, the court found in favor of defendants and entered its decree dismissing said cause. As a part of said decree the court found that under the rules, customs and practices of St. Bethel Missionary

Baptist Church the pulpit was declared vacant. A great deal of ill feeling developed between the two factions as a result of this controversy. Reverend Addison, who had been pastor of the church and who belonged to plaintiffs' faction, when asked if anyone prevented him from attending services at the church, stated:

"Well, they were talking about shooting my brains out over there.

"Q. Will you tell us when that occurred and who talked about it? A. Brice Huddleston, that was before the trial, and it was said after the trial, too, 'Better not go back down there.' Quite naturally, I love myself, and I have a family of eight children and wife; I don't want to get killed.

"Q. Since the other trial, Reverend, has anyone threatened to blow your head off? A. They said I better not come down there.

"Q. Who said that? A. Several of them.

"Q. Name 'several of them.' A. Mrs. Huddleston, Mr. Huddleston and Mrs. Frazier * * * that was all that personally said I better not come around. * * I was at the church when Mr. Huddleston said I better not come there. * * * When they came out of the court, they said, 'He better not come down any more,' and they sent word and told others I better not come back."

Mrs. Frazier testified that she never threatened to shoot Reverend Addison. She also denied threatening any of the other plaintiffs. Mrs. Huddleston also testified that she never threatened to harm Reverend Addison.

Shortly after the termination of the trial before Judge McMillian, the faction headed by plaintiffs began holding church services at the Ellis Funeral Home at 2820 Stoddard Street under the name St. Bethel Missionary Baptist Church. Reverend Addison conducted those meetings. Four members of the Board of Deacons, namely, Coates,

Johnson, Curry and Crockett, made the arrangements for holding the meetings at the Stoddard Street address. Defendants' faction continued to worship at the church premises located at 2618 Walnut Street.

On or about November 26, 1958, Brice Huddleston, one of the defendants, put a padlock on the church door. Defendant Love testified that: "The church give the trustees permission to do that," meaning, no doubt, the faction that remained at 2618 Walnut. Defendants' witnesses testified that the church building was not padlocked during services, but had always been open to all members and visitors during that time. The janitor was the only person who possessed a key to the padlock. At one time plaintiff Coates went to the church to put a padlock on the church door, but abandoned the attempt at the suggestion of a police officer who was present at the time. Coates testified that he asked defendant James Love why the padlock was put on the church door and Love replied: "Well, you all not members here. We put a lock on the door so you can't come in."

On Sunday, December 21, 1958, Samuel Coates went to the church premises at 2618 Walnut Street and announced to those assembled that there would be a meeting held of the congregation on December 30, 1958, at 4411 Easton Avenue. The purpose of the meeting was stated to be the election of officers and pastor, and all members were requested to be present. Services were in progress at the time. A like announcement was made by Mr. Coates on Sunday, December 28, 1958. Coates testified that he discussed the matter of calling this meeting with Deacons Johnson, Crockett and Curry, and the four of them decided to make the announcement. December 30, 1958, was the Tuesday next prior to the first Sunday in January, 1959, and was the date established by custom for the holding of an annual election. The three other deacons, namely, Leftwich Parchman, David Davis and James Love, were not consulted with reference to the proposed meeting. Plaintiffs did not ask permission of anyone to hold this meeting at 2618 Walnut. Immediately after Coates made the announcement on December 28, Deacon Love stated, according to Coates' testimony, "We couldn't have two meetings at once, and he said we were not going any place to have no other meeting. He said we were going to have a meeting right here at St. Bethel." Love testified it was the custom to hold meetings at the church.

A meeting was thereafter held on December 30, 1958, at 4411 Easton Avenue. There were 65 persons present. Samuel Coates was elected President of the Board of Trustees, replacing Leftwich Parchman. Ben Curry was elected Vice-President of the Board of Trustees. Alice West was elected Secretary of the corporation, replacing Archie Bridgman. Elijah Johnson was elected Treasurer of the corporation. The following named persons were elected to the Board of Trustees: Samuel Coates, Ben Curry, Elijah Johnson, Frank Moseley, Dave Ruffin and George DuBoss. The following persons were elected to the Board of Deacons: Samuel Coates, Elijah Johnson, Ben Curry and James Crockett. Julia Johnson was elected church clerk. Dora Jones was elected corresponding secretary. Mildred Love was elected financial secretary, and Marcellus S. Addison was elected pastor of the church. As to each office, the vote was unanimous. All of the foregoing persons are plaintiffs herein.

On December 30, 1958, a meeting was held at 2618 Walnut Street. There were 35 persons present. According to the minutes of that meeting, an election was held which resulted as follows: Leftwich Parchman, Chairman of the Board of Trustees; Archie Bridgman, Secretary of the Board of Trustees; Brice Huddleston, Trustee; George Dawson, Trustee; Tim Jones, Trustee; James Love, Chairman of the Board of Deacons; Brice Huddleston, Deacon; George Dawson, Deacon; Archie Bridgman, Deacon; Samuel Dawson, Deacon; Mary E. Dawson, Clerk; Elia B. Huddleston, Corresponding Secretary; Willie B. Hancock, President of Choir; Georgia

Frazier, President Willing Workers; Edna D. Williams, President Senior Choir; Elia B. Huddleston, Superintendent of Sunday School; Archie Bridgman, Treasurer; and Leftwich Parchman and James Love, members of the pulpit committee, all of whom, except Georgia Frazier and Edna D. Williams, are defendants herein.

On Saturday, January 3, 1959, Reverend Addison, accompanied by Frank Moseley, Tom Malone, Sam Coates and Richard Ashley, went to the church building at 2618 Walnut Street. The purpose of this visit was to see if there was a fire needed in the church to keep the pipes from freezing, it being very cold that day. When they arrived they were met by defendant Brice Huddleston who locked the door and informed them they could not enter the church. They then went back to their parked automobile. Huddleston went to his car and, according to plaintiffs' evidence, armed himself with a tire tool or jack handle. Reverend Addison and the others left shortly thereafter. Reverend Addison testified: "As I said, Mr. Huddleston said we wasn't going in, and he got the iron and that was a threat enough to keep me out." Tom Malone testified that he was not afraid of Huddleston, but stated: "You can't tell about people these days. I been bumped off once, you can't tell when you are going to get bumped off." Huddleston admitted that he told Reverend Addison and his companions they could not enter the church, but denied threatening them with an iron bar.

Defendant James Love, when asked by the court how many members there were in the church, exclusive of those attending services on Stoddard Street, replied: "I think there is around about, pretty close to sixty-five * * * I don't know how many is on the church roll. I couldn't tell you at the present time." Leftwich Parchman testified that he thought there were about 65 or 70 members in regular attendance at the time of the hearing, exclusive of those attending services on Stoddard Street. Defendant Mary Dawson, who claimed to be

church clerk, when first on the stand testified: "I would say we have about fifty-five in all." Several days later she was again placed on the stand by defendants and testified that after Reverend Addison left there were 115 members on the church roll. Her testimony on this occasion was so confused and so obviously false that we are compelled to reject it.

■ Appellants have filed a verified motion to dismiss this appeal on the ground that the issues have become moot. In said motion it is alleged that the church building at 2618 Walnut Street has been razed; that from and after July 14, 1959, church services have been held in the name of the church exclusively at 2820 Stoddard Street under the leadership of the plaintiffs, and that no services have been held under auspices of defendants; that at a meeting duly called under the direction of the officers and members of the church another annual meeting was held at 2820 Stoddard Street on January 17, 1960, at which all the offices, which are the subject of this controversy, were filled; that all the appellants were entitled to vote at said election, and that by reason of the foregoing no actual or real controversy exists for the decision of this court.

We have considered the foregoing motion and have concluded that we are not in possession of enough facts to pass upon the question of mootness. It may be that the validity of the election of January 17, 1960, may be affected by the outcome of this appeal, since said election was held according to the suggestions filed in support of the motion, under the supervision and direction of the officers whose right to act as such is challenged in the case at bar. For that reason respondents' motion to dismiss the appeal is overruled.

■ This proceeding being an action of an equitable nature, it is our duty to review the case upon both the law and the evidence, and, if possible, give such judgment as in our opinion the pleadings and the evidence

warrant. In other words, it is our duty to try the case de novo on the record presented.

▋ It is plaintiffs' contention that they are the duly elected, qualified and acting officers of the St. Bethel Missionary Baptist Church by virtue of an election held December 30, 1958, and, as such officers, have the right to hold and manage the property of the church. Defendants likewise claim to be the duly elected officers of the church by virtue of an election held December 30, 1958, at the church premises at 2618 Walnut Street. In deciding these issues we are not passing upon purely ecclesiastical questions. Longmeyer v. Payne, Mo.App., 205 S.W.2d 263; Trett v. Lambeth, Mo.App., 195 S.W.2d 524; Murr v. Maxwell, Mo. App., 232 S.W.2d 219; Briscoe v. Williams, Mo.App., 192 S.W.2d 643

The evidence shows that the management of the temporal affairs of the church are, according to custom and usage, vested in the Board of Deacons consisting of seven members elected by the congregation. It can be implied that a part of those duties are the calling and supervision of church meetings, including the annual meeting of the congregation, at which church officers are elected. In 1957 the congregation at the annual meeting elected the following members of the Board of Deacons: Samuel Coates, Elijah Johnson, James Crockett, Ben Curry, David Davis, Leftwich Parchman and James Love. On these men devolved the duty of managing the temporal affairs of the church during the year 1958. The first four named persons belonged to plaintiffs' faction, and the last three named individuals belonged to defendants' faction. The date of the annual election is fixed by custom and usage as the Tuesday next prior to the first Sunday in January. The Tuesday next prior to the first Sunday in January 1959 was December 30, 1958. Some time prior to that date four of the deacons, to-wit, Samuel Coates, Elijah Johnson, James Crockett and Ben Curry, agreed among themselves to change the place for holding the annual election from the usual meeting place, 2618 Walnut Street, to a building located at 4411 Easton Avenue. There was no formal meeting of the Board at which this action was taken, nor were the other three members of the Board consulted with reference to this change in the meeting place for the annual election.

▋ In the handling of temporal affairs, the managing board of a religious society occupies a position analogous to that of managing directors of a business corporation. Koch v. Estes, 146 Misc. 249, 262 N.Y.S. 23; 76 C.J.S. Religious Societies § 29, p. 774. Directors of a business corporation possess authority to act only as a board at a regularly assembled meeting. The separate action or assent of directors is not valid. 19 C.J.S. Corporations § 745, p. 85. Nor can the minority be deprived of the right to deliberate, and, if possible, convince the majority. Appeal of Rittenhouse, 140 Pa. 172, 21 A. 254. In Missouri this principle has been applied to the actions of school directors. State ex inf. Mooney ex rel. Stewart v. Consolidated School Dist. No. 3, Mo.App., 281 S.W.2d 511, loc. cit. 513. In that case the court said: "The board of directors of a school district is an entity which can act and speak only as such. The separate and individual acts and decisions of the director members, even though they be in complete agreement with each other, have no effect. They must be assembled and act *as a board.*"

▋ In applying this principle the court in the above case held a school district election invalid where two of three board members met informally and agreed to the holding of the election. Applying the principle announced in the above cited authorities to the facts as they appear in the case at bar, we hold that the election held at 4411 Easton Avenue was not valid; that plaintiffs acquired no title to the offices claimed by them in this proceeding, and are not entitled to the injunctive relief for which they pray in their petition.

■ The record in this case further shows that custom and usage requires that notice of the annual meeting for the election of officers be given by an announcement thereof at the church on the two Sundays next preceding the date set for the proposed meeting. This announcement can be made by the pastor or a deacon. Failure to give this notice in our judgment renders the election of officers at such meeting illegal, unless, of course, the members waive the requirement or are all present at the meeting and consent to the holding of the election. The record fails to show that the required notice was given with respect to the meeting held at the church premises on December 30, 1958, nor was there any evidence that the members waived the requirement of notice. It is also clear that the full membership was not present, the record showing that only 35 persons attended the meeting. Our conclusion, therefore, is that there was no valid election held at 2618 Walnut Street on December 30, 1958, and that defendants acquired no title to the offices claimed by virtue of said election.

■ As a result of our rulings, it necessarily follows that the members of the church elected in 1957 to serve as officers for the year 1958 are still the duly elected officers of the church, unless, of course, they have since been supplanted by others duly elected, since under the law officers elected for a stated term continue in office, not only until the expiration of their terms, but until their successors are duly elected and qualified. 76 C.J.S. Religious Societies § 26, p. 771.

The judgment of the trial court is reversed and the cause is remanded with directions to the trial court to enter a judgment denying defendants the affirmative relief prayed for by them in their answer and to dismiss plaintiffs' petition.

WOLFE, P. J., and RUDDY, J., concur.