STATE ex rel. Sam COATES et al., (Plaintiffs) Respondents,

v.

Leftwich PARCHMAN et al., (Defendants) Appellants.

No. 30991.

St. Louis Court of Appeals.

Missouri.

Feb. 20, 1962.

**322**

R. L. Witherspoon, Alphonse J. Lynch, St. Louis, for appellants.

John Grossman, St. Louis, for respondents.

WOLFE, Judge.

This is an appeal from a judgment finding the defendant Parchman and his attorneys, Alphonse J. Lynch and Robert L. Witherspoon, in contempt of court for an alleged violation of an injunction. The appeal was taken to the Supreme Court, but that Court held that it lacked jurisdiction of the appeal and transferred it to this Court. State ex rel. Coates v. Parchman, Mo., 346 S.W.2d 74.

The action giving rise to the injunction was instituted by the pastor and others claiming to be the officers of the St. Bethel Missionary Baptist Church. It was against Parchman and others who claimed that they constituted the officers of the church. The action sought a declaratory judgment declaring the plaintiffs to be the legal holders of the church offices that they asserted that they held. It also sought to restrain the defendants from interference with church affairs. The defendants answering sought similar declaration in their favor and an injunction against the plaintiffs.

The plaintiffs prevailed in the trial court, and the defendants were enjoined "from in any manner usurping the rights, powers and duties of plaintiffs as officers of said church; from interfering with or harassing plaintiffs in the performance of their duties; from interfering with or disturbing the pastor, Reverend Addison, from disturbing the orderly worship in said church, or interfering with the business meetings of said church; from using force and violence, or threatening to use force and violence against plaintiffs or the members of the church; from assuming or attempting to perform any duties as officers of said church; from assuming physical control of the church premises, or interfering with the peaceable ingress and egress to and from said church by plaintiffs and members thereof; from negotiating any settlement with the St. Louis Land Clearance Authority with respect to the disposition, sale or conveyance of the real estate belonging to said church, or representing said church

in the condemnation suit then pending in the Circuit Court of the City of St. Louis, unless under the sanction and authority of the officers of the church." The defendants appealed from the decree.

The division in the church apparently took place after the St. Louis Land Authority decided to clear all buildings from the area in which the St. Bethel Missionary Baptist Church stood. It was about this time that a difference of opinion occurred among the members relating to the use of the money it was to receive from the Land Clearance Authority for the condemnation of the church property. This resulted in threats and efforts of opposing sides to use the church building. It culminated in each side holding a meeting and going through the form of electing officers. A more detailed statement of facts is set forth in Coates v. Parchman, Mo.App., 334 S.W.2d 417.

Two suits other than the matter before us enter into our consideration of this appeal. The first of these was the action by the Land Clearance Authority. At the time the action was brought Parchman was a duly elected member of the Board of Deacons and was named as a defendant in the suit. The second, as stated, was the suit in which the above injunction was granted after the quarrel among the members about the use of the funds to which the church was entitled under the first suit. This is the quarrel that resulted in dividing the members into two factions, with each faction purporting to elect Deacons and officers of the church.

After the injunction, set out above, was granted, defendants appealed to this court. While the appeal in that case was pending, the plaintiffs who had prevailed below sought to withdraw the full amount of the award in the condemnation suit, the money having been paid into court by the Land Clearance Authority. Parchman intervened, still asserting that he was Chairman of the Board of Trustees of the church. The petition to withdraw the money was denied, and Parchman and his lawyers were cited and held in contempt. This citation went to final judgment, as no appeal from it was ever perfected.

The parties who prevailed in the injunction suit filed another petition on behalf of the church to withdraw $5,000 of the sum on deposit. The lawyers for Parchman were served with notice by the petitioners that the motion had been filed. Again Parchman, through the same attorneys, intervened, this time as a member of the church, and opposed the withdrawal of the $5,000. The petition for withdrawal was granted, and Parchman, by his lawyers Lynch and Witherspoon, filed a motion to set aside the order granting the withdrawal. There followed the citation for contempt which is now before us.

Upon hearing, the trial judge indicated that he considered the defendants in contempt of court in filing their motion to set aside the order for partial distribution. The defendants withdrew the motion that they had filed, and the court ordered them to pay the costs that had accrued in two previous suits amounting to $173.50, plus $33.15 costs in the action here under consideration. They paid the total sum and appealed from the judgment holding them in contempt.

The appeal from the injunction suit was pending in this court at the time that the defendants were cited for contempt for violating the injunction. We have since reversed the judgment of the trial court in that case and have found that neither group was properly elected at the respective meetings held, and that consequently neither group was entitled to injunctive relief. Coates v. Parchman, Mo.App., 334 S.W.2d 417.

No question is raised as to the right of the court to enforce its injunction pending an appeal. The manner of punishment for violation of an injunction is set forth in Rule 92.15, Supreme Court Rules, V.A.M.R. The taking of an appeal from

a judgment granting injunctive relief does not stay the operative force of the decree. It follows that since the decree is in effect during the pendency of the appeal, those who violated it are guilty of contempt of the court which entered the decree and may be proceeded against. State ex rel. Busch v. Dillon, 96 Mo. 56, 8 S.W. 781; State ex rel. South Missouri Pine Lumber Co. v. Dearing, 180 Mo. 53, 1. c. 69, 79 S.W. 454; State ex rel. Gray v. Hennings, 194 Mo. App. 545, 185 S.W. 1153; Willow Springs C. Co. v. Mountain Grove C. P. & P. Co., Mo.App., 197 S.W. 916.

The respondents here assert that the defendants acquiesced in the judgment holding them in contempt, and having done so they waived any right to appeal. We do not find that there was any acquiescence. Only after the court threatened them with commitment and placed them in the custody of the sheriff did they pay the costs. A fuller statement of what transpired at the hearing is set forth in State ex rel. Coates v. Parchman, Mo.Sup., 346 S.W.2d 74, 1. c. 76.

 The injunction above quoted first restrained the defendants from interfering with the ordinary business of the church. The second part dealt with the condemnation suit and restrained the defendants from negotiating with the Land Clearance Authority or representing the church in the condemnation suit. It is under the second part that they must be held guilty of contempt, if they are guilty. We find that they were not guilty of contempt for they did not negotiate with the Land Clearance Authority or seek to represent the church in the condemnation action.

Of the costs paid, $150.00 accrued in the former citation for contempt. This matter has gone to final judgment against the appellants, so they are not aggrieved by the payment of that which they are obligated to pay. Costs of $23.50 were ordered paid in one of the other cases—it is not clear which one this is—but neither of the foregoing cases is before us, and we make no

order respecting the costs paid by appellants in those cases. The costs paid in the Circuit Court in this case amount to $33.15, and this should be retaxed against the relators in the action.

The judgment is reversed, and the case remanded with directions to tax the costs against the relators and refund to the appellants the sum of $33.15.

ANDERSON, P. J., and RUDDY, J., concurs.