

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE EX REL. ANDREW BAILEY, | ) | *Opinion issued July 30, 2024* |
| | ) | |
| Relator, | ) | |
| | ) | |
| v. | ) | No. SC100672 |
| | ) | |
| THE HONORABLE JASON | ) | |
| SENGHEISER, | ) | |
| | ) | |
| Respondent. | ) | |

## ORIGINAL PROCEEDING IN PROHIBITION

The attorney general seeks a writ of prohibition preventing the circuit court from ordering Christopher Dunn's release from custody. Because the circuit court lacks authority to unconditionally release Dunn while criminal charges remain pending, this Court issues a permanent writ prohibiting the circuit court from ordering his release without allowing the State of Missouri an opportunity to indicate its intent, if any, to retry Dunn.

## Background

In 1991, Dunn was convicted of the murder of Ricco Rogers as well as other criminal offenses. The circuit court entered judgment sentencing him to life without parole and consecutive sentences of 90 years. In February 2024, the circuit attorney filed a motion

to vacate Dunn's judgment pursuant to section 547.031.[1] The attorney general entered his appearance and opposed the circuit attorney's request for relief. The circuit court held a hearing on the circuit attorney's motion. On July 22, the circuit court issued a judgment sustaining the motion, vacating Dunn's convictions, and ordering his immediate discharge from custody. The attorney general immediately filed a notice of appeal to the court of appeals.

After Dunn remained incarcerated in the department of corrections, the circuit court, on July 24, issued an order directing the department of corrections to release Dunn by 6 p.m. that day. Immediately following the entry of this order, the attorney general filed a petition for a writ of prohibition or mandamus to prevent the circuit court from ordering Dunn's release. The attorney general also requested an emergency stay to allow sufficient time for this Court to consider his writ petition. This Court issued an order temporarily staying the circuit court proceedings and directed expedited briefing from the parties on the merits of the attorney general's writ petition.

## Standard of Review

This Court has jurisdiction to issue original remedial writs pursuant to article V, section 4.1 of the Missouri Constitution. However, "prohibition is an extraordinary remedy which should only be employed in unequivocal cases[.]" *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. banc 1986). A writ of prohibition is appropriate:

> (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or

---

[1] All references are to section 547.031, RSMo Supp. 2023.

2

abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex rel. Monsanto Co. v. Mullen*, 672 S.W.3d 235, 239 (Mo. banc 2023) (internal quotation omitted). Similarly, "[a] writ of mandamus should issue only when a petitioner alleges and proves that he has a clear, unequivocal, specific right to a thing claimed." *Curtis v. Mo. Democratic Party*, 548 S.W.3d 909, 914 (Mo. banc 2018) (alterations omitted) (internal quotation omitted). This Court will not issue a remedial writ "in any case wherein adequate relief can be afforded by an appeal[.]" Rule 84.22(a).

## Analysis

The disposition of the attorney general's request for relief requires interpreting section 547.031, a recently enacted law allowing the prosecuting or circuit attorney to seek to vacate or set aside a criminal judgment and sentence. In full, section 547.031 provides:

> 1. A prosecuting or circuit attorney, in the jurisdiction in which a person was convicted of an offense, may file a motion to vacate or set aside the judgment at any time if he or she has information that the convicted person may be innocent or may have been erroneously convicted. The circuit court in which the person was convicted shall have jurisdiction and authority to consider, hear, and decide the motion.

> 2. Upon the filing of a motion to vacate or set aside the judgment, the court shall order a hearing and shall issue findings of fact and conclusions of law on all issues presented. The attorney general shall be given notice of hearing of such a motion by the circuit clerk and shall be permitted to appear, question witnesses, and make arguments in a hearing of such a motion.

> 3. The court shall grant the motion of the prosecuting or circuit attorney to vacate or set aside the judgment where the court finds that there is clear and convincing evidence of actual innocence or constitutional error at the original trial or plea that undermines the confidence in the judgment. In considering the motion, the court shall take into consideration the evidence presented at the original trial or plea; the evidence presented at any direct appeal or post-

3

conviction proceedings, including state or federal habeas actions; and the information and evidence presented at the hearing on the motion.

4. The prosecuting attorney or circuit attorney shall have the authority and right to file and maintain an appeal of the denial or disposal of such a motion. The attorney general may file a motion to intervene and, in addition to such motion, file a motion to dismiss the motion to vacate or to set aside the judgment in any appeal filed by the prosecuting or circuit attorney.

The attorney general contends this statute authorized his appeal of the circuit court's judgment vacating Dunn's criminal convictions. He argues a writ is warranted because his pending appeal in the court of appeals acts to stay the circuit court's judgment, and Dunn, therefore, must remain in custody in the department of corrections during the pendency of the appeal.[2] Contrary to the attorney general's argument, the pending appeal does not automatically stay the circuit court's judgment. However, as discussed below, the court lacked the authority to unconditionally release Dunn instead of remanding him to his pretrial detention status.

This Court has held that proceedings under section 547.031 are a collateral attack on a criminal judgment and sentence and are civil in nature. *State v. Johnson*, 654 S.W.3d 883, 891 n.10 (Mo. banc 2023). Rule 81.09 broadly applies to civil proceedings and provides for the circumstances in which an appeal stays the execution of a civil judgment. Subdivision (a)(1) provides an appeal shall stay the execution of judgment in certain

---

[2] The circuit attorney and Dunn contend the writ petition should be denied on the basis section 547.031 does not authorize the attorney general to appeal the circuit court's judgment. This threshold question need not be addressed in this opinion. The issues raised in the writ petition can be resolved on other grounds, and this question can more adequately be raised and resolved in the attorney general's pending appeal in the court of appeals.

enumerated cases, not relevant here.[3]  Subdivision (a)(2) provides for the filing of a

supersedeas bond to stay the execution of a judgment.[4]  Rule 92 governs actions seeking

injunctive relief, and Rules 92.03 and 92.04 provide that either a circuit court or an

appellate court *may* stay injunctive relief pending appeal.[5]

This Court need not decide whether Rule 81.09 or Rule 92, or neither, is applicable

to the circuit court's judgment vacating Dunn's convictions pursuant to section 547.031.

Regardless, both Rules assume a well-settled principle applicable in all civil proceedings:

"A judgment is operative from the date of its rendition ….  The right to execution follows

---

[3] Rule 81.09(a)(1) provides:
> Appeals shall stay the execution in the following cases: (1) when the appellant shall be an executor or administrator, personal representative, conservator, guardian, or curator, and the action shall be by or against the appellant as such, or when the appellant shall be a county, city, town, township, school district, or other municipality[.]

[4] Rule 81.09(a)(2) provides:
> Appeals shall stay the execution in the following cases: … (2) when the appellant, at or prior to the time of filing notice of appeal, presents to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires.

[5] Rule 92.03 provides:
> When an appeal is taken from a judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Rule 92.04 provides:
> The provisions of this Rule 92 do not limit any power of an appellate court or of a judge thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.

5

immediately[.]" *State v. Haney*, 277 S.W.2d 632, 635 (Mo. 1955); *see also State ex rel. Brickner v. Saitz*, 664 S.W.2d 209, 213 (Mo. banc 1984); *Fontaine v. Hudson*, 5 S.W. 692, 694 (Mo. 1887); *Homfeld v. Homfeld*, 954 S.W.2d 617, 623 (Mo. App. 1997); *State ex rel. Turner v. Sloan*, 595 S.W.2d 778, 780 (Mo. App. 1980); *State ex rel. Coates v. Parchman*, 354 S.W.2d 321, 323-24 (Mo. App. 1962). Thus, as assumed by these Rules providing the authority and conditions for a stay of a judgment, an appeal does not *automatically* stay the right to execute a judgment that follows immediately from its rendition absent some legal authority to the contrary. *C.f.* Rule 81.09; Rule 92; *see Brickner*, 664 S.W.2d at 213 ("A defendant who does not post bond may still appeal, but the plaintiff, in the meantime, may take steps to realize upon the judgment."); *Coates*, 354 S.W.2d at 323-24 ("The taking of an appeal from a judgment granting injunctive relief does not stay the operative force of the decree.").[6] Likewise, an appeal from a final judgment in a criminal case does not automatically stay the execution of such judgment absent some legal authority providing for such a stay. *See* Rules 30.15, 30.16, 30.17.[7] Here, the attorney general does not point to any applicable authority providing for an automatic stay of a judgment entered pursuant

---

[6] The attorney general cites *State ex rel. Jarboe v. Holt*, 444 S.W.2d 857, 859 (Mo. banc 1969), in which the Court held that "the taking of an appeal from an order in the nature of a mandatory injunction, commanding an act to be done, operates as a stay of the order[.]" Following *Jarboe*, however, this Court, in 1980, enacted Rule 92. As discussed above, Rule 92 provides that any stay of injunctive relief pending appeal is within a court's discretion – i.e. *not* automatic.

[7] When the defendant is in custody, Rule 30.17 authorizes an automatic stay of a judgment upon appeal taken by the State from a judgment entered in a proceeding to vacate and set aside a conviction under Rules 24.035 and 29.15. No such authority, however, exists for appeals taken under section 547.031.

6

to section 547.031. The judgment in this case, therefore, is immediately operative and enforceable.[8]

While the circuit court's judgment is not automatically stayed during the pendency of the attorney general's appeal, the circuit court clearly lacked the authority under section 547.031 to unconditionally release Dunn from custody. Section 547.031 provides only that the circuit court may sustain a motion to vacate and thereby vacate or set aside a criminal conviction; it does not provide that the court may order a defendant's release from custody. Instead, as with any vacated conviction, the criminal case and the charges as to which the conviction has been vacated are reinstated, and the defendant is remanded to his detention status prior to conviction. *C.f. State ex rel. Koster v. Green*, 388 S.W.3d 603, 605 n.2 (Mo. App. 2012) ("The writ of habeas corpus dissolved and vacated [defendant's] judgment of conviction returning him to the status of a pretrial detainee." (citing *Irvin v. Dowd*, 366 U.S. 717, 728 (1961)). In such cases, courts typically set a deadline by which the defendant must be released from custody unless the State states its intent to retry the defendant before the deadline. *See State ex rel. Woodworth v. Denney*, 396 S.W.3d 330, 347 (Mo. banc

---

[8] The attorney general also contends the circuit court cannot order the enforcement of its judgment vacating Dunn's convictions because the judgment has not yet become final under Rule 81.05(a). Relatedly, the attorney general compares this case to *State ex rel. Ratliff v. Hon. J. Hasbrouck Jacobs*, WD86790, in which the court of appeals issued an order staying a defendant's release on bond pending a possible appeal during the 30-day period following entry of judgment. Pursuant to Rule 81.05(a), a civil judgment is not final until at least 30 days after its entry "*[f]or the purpose of ascertaining the time within which an appeal may be taken*[.]" (Emphasis added). "Our law distinguishes between a judgment final for execution and a judgment final for appeal, not as to efficacy, but only as to function." *Turner*, 595 S.W.2d at 780; *see also Homfeld*, 954 S.W.2d at 623. Rule 81.05(a), by its own terms, applies to the timing for filing an appeal and does not address enforceability of judgments.

2013) ("The state has indicated an intent to retry [the defendant]; therefore, on the date the mandate issues in this case, [the defendant] shall be returned to the custody of the sheriff . . . and be entitled to such release as the circuit court shall determine pursuant to Rule 33."); *State ex rel. Griffin v. Denney*, 347 S.W.3d 73, 79 (Mo. banc 2011) ("This Court orders [the defendant] discharged from the State's custody . . . 60 days from the date the mandate issues in this case, unless within that time the State files in the circuit court an election to retry him."); *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 544 (Mo. banc 2003) ("This Court therefore orders [defendant] conditionally discharged from [the State]'s custody thirty days from the date the mandate issues in this case unless the state elects to file new charges[.]"); *Ferguson v. Dormire*, 413 S.W.3d 40, 73-74 (Mo. App. 2013) (ordering the State to file a written election of its intent to retry the defendant within 15 days of mandate, otherwise the defendant was to be immediately and unconditionally discharged from custody; if the State filed an intent to retry, the department of corrections was to immediately deliver the defendant to the circuit court's custody as a pretrial detainee for bond conditions to be set); *Green*, 388 S.W.3d at 605 n.2, 633 n.22 (holding the defendant remained a pretrial detainee released on his own recognizance and permitting the circuit attorney's office a final opportunity to, within 30 days, announce its intentions to retry the defendant or else the defendant was to be permanently released without further order); *State ex rel. Koster v. McElwain*, 340 S.W.3d 221, 227 n.2, 258 (Mo. App. 2011) (holding the defendant remained a charged suspect eligible for retrial and directing the State to retry

8

the defendant within 180 days of the appellate mandate or defendant was to be discharged from custody).[9]

While charges remain pending against Dunn, the State is free to retry him. Of course, the State may elect to dismiss the pending charges or agree to Dunn's release while the pending charges are resolved, or the circuit court may elect to release Dunn on conditions pursuant to Rule 33.[10] What the court lacks, however, is the authority to unconditionally release Dunn from custody under section 547.031.[11] *C.f. Woodworth*, 396

---

[9] Without citing any legal authority, the circuit attorney claims "[a] vacated conviction is tantamount to an acquittal." Nothing in the statutory language of section 547.031, however, suggests a conviction vacated pursuant to its authority would prevent the State from retrying a defendant whose conviction was vacated. Even in *Amrine* – the case the circuit court heavily relied on, in which this Court found clear and convincing evidence of actual innocence – the Court did not release the defendant from custody before giving the State the opportunity to elect to retry him. 102 S.W.3d at 544. Thus, relief granted under section 547.031 is not tantamount to an acquittal, and the plain language of this statute does not bar retrial.

[10] Presumably, the State will elect not to retry Dunn and will dismiss the charges given the motion to vacate and set aside Dunn's conviction based on actual innocence, but the circuit court should not so presume without some supported finding to the contrary.

[11] The Court should note, however, that the department of corrections similarly lacks the authority to detain Dunn now that the circuit court vacated and set aside Dunn's convictions. Because the attorney general's appeal does not automatically stay the enforcement of the circuit court's judgment, Dunn's criminal convictions are indeed currently vacated, and the attorney general has not sought a discretionary stay of the judgment from the circuit court or the court of appeals where his appeal is pending. Absent such a stay, the judgment is enforceable, and Dunn should be released from the department of corrections' custody and remanded to the custody of the St. Louis City Department of Public Safety - Division of Corrections as a pretrial detainee. His release from prison would not moot the attorney general's pending appeal. If the attorney general is successful in his appeal and the circuit court's judgment is reversed, a warrant can be issued ordering Dunn to be taken in to custody and returned to the department of corrections to continue serving his original sentence.

S.W.3d at 347; *Griffin*, 347 S.W.3d at 79; *Amrine*, 102 S.W.3d at 544; *Ferguson*, 413 S.W.3d at 73-74; *Green*, 388 S.W.3d at 605 n.2, 633 n.22; *McElwain*, 340 S.W.3d at 227 n.2, 258. This Court, therefore, issues a writ commanding the circuit court to take no further action to unconditionally release Dunn from custody while criminal charges against him remain pending.

## Conclusion

This Court issues a permanent writ of prohibition commanding the circuit court to vacate its order directing the department of corrections to release Dunn, take no further action to unconditionally release Dunn from custody while criminal charges are pending against him, and amend its judgment vacating Dunn's convictions consistent with this opinion. Due to the nature of the circumstances and to prevent further delay, the Court enters a permanent writ without further briefing or argument pursuant to Rule 84.24(i). No Rule 84.17 motions shall be filed in this matter, and the clerk of the Court is instructed to issue the mandate immediately.[12]

_____
W. Brent Powell, Judge

All concur.

---

[12] This Court lifts its emergency stay of the circuit court proceedings.