STATE of Missouri ex rel. Cynthia J.
BRICKNER, et al., Relators,

v.

The Honorable Robert W. SAITZ, Judge
of the Circuit Court of Saint Louis
County, Respondent.

No. 65156.

Supreme Court of Missouri,
En Banc.

Feb. 15, 1984.

Mark I. Bronson, St. Louis, for relators.

Robert E. Keaney, St. Louis, Lamar E. Ottsen, Jr., Clayton, for respondent.

BLACKMAR, Judge.

The relators recovered judgment for $1,000,000 against defendant David J. Bean, D.O., after a jury trial before the respondent. Bean's timely post-trial motions were overruled on April 26, 1983. The net judgment was eventually reduced to $800,000 because of a settlement with a codefendant.

On May 3, 1983, Bean's counsel tendered for filing, (1) a Notice of Appeal, and (2) a motion requesting that the supersedeas bond be set in the amount of $200,000 plus interest on the entire net judgment of $800,000. The clerk's office stamped the Notice of Appeal as having been filed at 4:37 P.M. and the motion to set bond at 4:38 P.M. The motion assigned, as the reason for setting bond at a figure far below the amount of the net judgment, the following:

"... Professional Mutual Insurance Company, a duly licensed and operating insurance company carries a policy of professional liability insurance in the amount of $200,000 in favor of David K. Bean, D.O. and is prepared to execute a supersedeas bond as provided by its policy."

On May 4, 1983, the court entered, apparently ex parte, an order as follows:

"On Court's own motion, Defendant Bean's Supersedeas Bond on appeal set at $200,000 plus reasonable anticipated interest on the judgment of $800,000 pending appeal."

On May 6, 1983, counsel for the parties met with the court in chambers. No official record was made of the meeting in chambers, and so we remain uninformed as to what actually took place. There is no claim that counsel for Bean expressed any reason in support of the motion for fixing bond in an amount patently inadequate to ensure satisfaction of the judgment, other than the circumstance, as set out in the motion previously filed, that the bulk of the liability was not covered by insurance. Following the conference the judge entered an order as follows:

"Motion of defendant-appellant David K. Bean for order fixing amount of supersedeas bond in the sum of $200,000 plus legal rate of interest on the $800,000 judgment pending appeal plus costs; and defendant granted 20 days up to and including May 26, 1983, to file such bond to be approved by court and to stay execution on said judgment, all after a hearing there."

On May 24, 1983, an appeal bond conforming to the orders previously entered was filed and approved.

Relators sought prohibition in this court after an unsuccessful application to the Court of Appeals. They charge that the respondent exceeded his jurisdiction in the following respects: (1) in entering orders regarding the amount of bond, after the filing of the notice of appeal; and (2) in fixing bond in an amount less than that which "will cover the whole amount of the judgment remaining unsatisfied". We issued our provisional rule which we now modify and, as modified, make absolute.

■ The case calls for interpretation of our Rule 81.09, the pertinent portions of which read as follows:

(a) Stay of Execution—Supersedeas Bond. Appeals shall stay the execution in the following cases: * * * (2) when the appellant, at or prior to the time of filing notice of appeal, presents to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The court may also at or prior to the time of filing notice of appeal, by order of record, fix the amount of the supersedeas bond and allow appellant reasonable time, not exceeding twenty days, from the date of the order to file the same subject to the approval of the court or clerk, and such appeal bond, approved by the court or clerk and filed within the time specified in such order, shall have the effect of staying the execution thereafter. * * *

(b) Form of Bond—Amount. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment

and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.

The rule was adapted with modifications which are purely editorial from § 512.080, RSMo 1978. The rule, therefore, comprehends both substance and procedure.

■ The argument that the trial court lost jurisdiction following the filing of the Notice of Appeal is not without plausibility. Perhaps careful lawyers, on studying the rules, will now conclude that it is prudent to wind up all proceedings with respect to the amount of the supersedeas bond before the Notice of Appeal is filed. We are not willing to say, however, that the trial court lacked jurisdiction to enter orders respecting the bond at the time the orders of May 4 and May 6, 1983, were entered. The rule provides expressly for the fixing of the amount of the bond concurrently with the filing of the Notice of Appeal, and for the filing of a bond conforming to the court's order within 20 days thereafter. When a Notice of Appeal and a motion for the fixing of bond are presented to the court simultaneously it is reasonable to conclude that they are tendered together, in the anticipation that the motion will be ruled as soon as the judge is able to direct attention to the matter. There is no realistic expectation of immediate action on a motion filed at 4:38 P.M. in the clerk's office of a large metropolitan court, unless the judge is specially alerted. When a notice and motion are presented together, the clerk's time-stamping should be of minimal significance. By this analysis, the order of May 4 was an appropriate response to the filings of May 3. It might be objected that the May 4 order was incomplete in failing to specify the time for filing the bond in the approved

amount, but the maximum time the court could allow was 20 days and the bond was filed within that time. The May 6, 1983, order supplemented the May 4 order, without departing from its terms and, furthermore, was entered before the time for appeal had expired. We believe that there was substantial compliance with the time limits of Rule 81.09, and that there were no irregularities of sufficient moment to deprive the trial court of jurisdiction to fix the amount of the bond and to approve a bond complying with the order and the governing rule.

■ Even if we assume the technical correctness of the position taken by the dissent, our action in this case is nevertheless appropriate. If the trial court had indeed lost jurisdiction, the Court of Appeals would have the authority to set and approve bond. That court had the opportunity to consider the bond which was posted and declined to disturb the stay which we now find to be improper. Because the case is properly before us, it would be appropriate for us, in the exercise of our discretion, to determine finally the question of the adequacy of the bond.

On the issue of the court's authority to fix the amount of a supersedeas bond in an amount far below the face amount of the money judgment, the respondent points to the language of Rule 81.09; specifying that the supersedeas bond;

"shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on appeal, interest, and damages for delay, *unless the court after notice and hearing and for good cause shown fixes a different amount ...*" (emphasis supplied.)

From this language, it is argued that the amount of bond is, in the last analysis, subject to the discretion of the trial court, that the judge had the authority to fix the amount of bond at a figure substantially below the face amount of the net judgment, and that his action in doing so, being discretionary, is not subject to review through prohibition. Counsel also suggests that, in the absence of a transcript or other record

of the proceedings before the trial judge, it must be assumed that the judge acted judicially and for good reason.

The respondent cites and places strong reliance on *Crackerneck Country Club, Inc. v. Sprinkle,* 485 S.W.2d 652, (Mo.App., 1972), in which the trial judge fixed the amount of the supersedeas bond for the staying of an injunctive order at $1000, and counsel for the prevailing party argued that a minimum of $60,000 was necessary to cover damages arising out of the supersedence of the injunction pending appeal. The Court of Appeals quashed the writ, observing that the trial judge had to reach a decision as to the amount of bond necessary to secure the plaintiff, that he had jurisdiction to enter the order fixing the bond, and that his judgment call was not subject to review in prohibition. The respondent also relies on the portion of the opinion which states that, in the absence of a record of the proceedings before the trial judge in the fixing of the amount of the bond, it must be assumed that he acted judicially and for proper reasons. Respondent concedes, however, that *Crackerneck* is not on all fours with this case, because no calculus is available for determining the damage which might be sustained by the temporary suspension of an injunctive restraint, whereas the amount necessary to supersede a money judgment is capable of accurate calculation.

The respondent also adduced the files of this Court in the case of *Thompson v. Gipson,* 277 S.W.2d 527, (Mo., 1955), as to matters not appearing in the reported opinion. The case presents substantial similarities. There a plaintiff had recovered a $25,000 judgment against a defendant with $10,000 of insurance coverage. The trial court refused to stay execution and garnishment against the insurance company unless a bond of $26,000 were posted. The defendant moved this Court for a stay of execution and garnishment *as to the insured portion of the judgment* on the posting of bond in the amount of $11,000, and the motion was sustained. The order entered in *Thompson* differs from the order now before us, in that there was no general stay of execution on the total judgment. The case

does not support the respondent's order wholly staying execution.

■ The respondent does not suggest to us anything in addition to inadequacy of insurance coverage, and the representation that Bean has been unable to obtain a bond in an amount sufficient to cover the entire judgment, as justification for the inadequate bond. There is absolutely no basis for concluding that the trial judge had other reasons which have not been fully developed in the record.

■ It is the manifest sense of Rule 81.09 that a supersedeas bond supersede. A plaintiff who obtains a final money judgment is entitled to take immediate steps to secure satisfaction. The defendant or defendants may of course appeal, but if they want to stay the enforcement of the judgment they must put up security sufficient to assure the plaintiff that, if the judgment is affirmed in whole or in part, payment will be forthcoming. A defendant who does not post bond may still appeal, but the plaintiff, in the meantime, may take steps to realize upon the judgment. There is no warrant in Rule 81.09 for the trial court's failure to secure a part of the judgment simply because the defendant does not have sufficient insurance coverage and may be inconvenienced by an execution. Nor is the court entitled to authorize security which is less than adequate simply because there might be problems in obtaining restitution if the plaintiff were to collect all or part of a judgment which is subsequently reversed. Once the judgment in favor of the plaintiff becomes final it is presumed to be correct. If ultimate disposition of the case is delayed by an appeal the plaintiff is entitled to some assurance that the defendant will not seize upon the delay as an opportunity to conceal or dissipate assets. The provisions of Rule 81.09 authorizing the fixing of the bond "in a different amount", read in context, simply authorize the court to consider the possibility that the plaintiff's judgment is not in jeopardy because of the financial strength of the defendant or the nature of the defendant's assets and to consider

methods of security other than a surety bond. There is absolutely no indication in the present record that the trial court considered alternate sources of security, or gave any attention at all to the securing of the uninsured portion.

 We conclude that Rule 81.09 did not authorize the trial court to stay execution on the entire judgment following the posting of a bond securing only the insurance coverage, in an amount far below the face of the judgment. The trial court, therefore, acted in excess of its jurisdiction in entering the general stay, and prohibition is an appropriate remedy for the correction of this excess of jurisdiction.

 We believe, however, that the bond which has been posted is adequate to support a stay of proceedings in execution and garnishment directed against the insurance company. The solution achieved in *Thompson v. Gipson, supra,* is a sound one. The bond guarantees the availability of the insurance proceeds if the judgment is affirmed in whole or in part. There is no reason to put the insurance company to the choice of paying the plaintiff the full amount of its coverage, with restitution in the event of reversal possibly in jeopardy, or of putting up a bond for the non-covered as well as the covered portion of the judgment so as to provide effective coverage which the insured did not buy. Rule 81.09 affords substantial discretion in marshalling security, so long as security is the ultimate goal.

We accordingly modify the provisional rule to specify that proceedings of execution and garnishment against Professional Mutual Insurance Company may be stayed so long as the present bond remains in effect. As so modified, the preliminary rule is made absolute.

RENDLEN, C.J., and HIGGINS, GUNN, and DONNELLY, JJ., concur.

WELLIVER, J., concurs in part and dissents in part in separate opinion filed.

BILLINGS, J., dissents in separate opinion filed.

WELLIVER, Judge, concurring in part and dissenting in part.

I concur in result in part and dissent in part. I agree with the principal opinion that the trial court correctly determined that right to appeal should be preserved as to the bonded assets, in this case the policy of insurance. I also agree that the trial court did not err when it forced the insurance company, as the price for the right to appeal, to pay interest on the entire unpaid portion of the judgment in the event the appeal is resolved against the defendant and his insurance company.

The question remaining in the case is whether Rule 81.09 should be construed to require either (1) permitting the plaintiff to levy on the balance of the judgment against the defendant before resolution of the appeal, the successful defendant's remedy being to sue for the return of the property taken, or, (2) prohibiting plaintiff's levy on the balance of the judgment until resolution of the appeal, the successful plaintiff's remedy being to sue for and trace any transferred assets. The principal opinion holds that Rule 81.09 mandates the first alternative in the absence of evidence justifying a different result. I disagree.

Litigants and trial judges have been dealing with this problem on a case-by-case basis since insurance first came on the scene. Thus far, I have heard of no gross inequities resulting from our leaving the matter to the discretion of the trial judge. I am confident that a trial judge is in a far better position than we to judge which of the above alternatives will best serve the ends of justice in a given case. The principal opinion's interpretation of Rule 81.09 displaces the informed judgment of the trial judge and substitutes in its place an arbitrary rule. I do not believe the Court contemplated this result when it adopted Rule 81.09 nor do I believe the terms of the rule require the conclusion reached. Because of my firm belief that one should not try to fix a thing that is working, I would quash the writ.

BILLINGS, Judge, dissenting.

Because Rule 81.09 was not followed by the defendant or the trial court, the trial court was without jurisdiction to proceed with respect to setting a supersedeas bond, much less a bond in one-fourth of the amount of the judgment, I dissent.

As the principal opinion notes, Rule 81.09 mandates that a proposed supersedeas bond be presented to the trial court for approval *"at or prior to the time of filing notice of appeal"* but, nevertheless, concludes that the rule permits the trial court to set the bond *after* the notice of appeal has been filed. This conclusion would seem to fly in the face of Rule 81.10 which provides:

> If a supersedeas bond is not filed within the time specified, or if the bond filed is found insufficient, *and if the notice of appeal has not been filed,* a bond may be filed with the permission of the trial court. *After the notice of appeal is filed, the application for leave to file a bond may be made only in the appellate court.*

Here, it is admitted that the notice of appeal was filed May 3, 1983. In my view of Rule 81.09 and 81.10, the trial court no longer had jurisdiction on May 4 or May 6 to set a bond but that defendant could make application for leave to file a bond with the appropriate appellate court. I cannot agree there was substantial compliance with Rule 81.09 and submit Rule 81.10 makes it clear the trial court was without jurisdiction to set a supersedeas bond. Neither can I agree that Rule 81.09 authorizes a partial supersedeas bond.

I would make our rule absolute, without modification.