**STATE ex rel. Bernard D. KISSELL, Relator,**

v.

**The Honorable Thomas C. CLARK, Judge, Division 3, 16th Judicial Circuit, Respondent.**

**No. WD 46854.**

Missouri Court of Appeals, Western District.

Feb. 23, 1993.

Norman I. Reichel, Jr., Kansas City, for relator.

Anita Porte Robb, Kansas City, for respondent.

Before KENNEDY, P.J., and FENNER and SPINDEN, JJ.

KENNEDY, Presiding Judge.

In the underlying case, Nell Barnes had verdict and judgment against relator, Bernard Kissell, in the sum of $287,601.34 for personal injuries sustained in a motor vehicle accident. Nell Barnes's husband, Michael Barnes, had a verdict and judgment for $15,000. The trial court added prejudgment and post-judgment interest and entered judgment for the two plaintiffs early in July, 1992 in the total amount of $369,913.14. Relator Kissell appealed from the final judgment, and that appeal is pending in this court.

Relator Kissell had liability insurance with State Farm Insurance Company with a limit of $100,000. He filed in the trial court a "Motion for Posting of Partial Supersedeas Bond." The motion sought leave to file a supersedeas bond in the amount of $110,000, representing the $100,000 policy limits, plus $10,000 for interest. It further requested a "partial stay of execution of judgment as to the amount of the partial supersedeas bond requested ... pursuant to *State ex rel. Brickner v. Saitz*, 664 S.W.2d 209 (Mo. banc 1984)."

The trial court denied the motion, and fixed the amount of the bond at $369,913.13 plus interest and entered an order purporting to order relator "to post a timely and proper supersedeas bond in accordance with Mo.R.Civ.P. 81.09(b)."

On relator's application we issued our "Preliminary Order in Mandamus/Prohibition," by which we provisionally ordered respondent judge to sustain relator's motion to be allowed to post a partial supersedeas bond in the amount of $110,000. Upon filing the bond with sufficient surety, we ordered that garnishment of the insurance company in execution upon plaintiffs' judgment be stayed pending disposition of relator's appeal. Respondent elected to file answer, and the case has been briefed and argued.

Respondent draws our attention to Rule 81.09, which says the amount of the supersedeas bond should be in an amount "as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount...." Respondent underlines "the whole amount of the judgment."

The case is ruled by *State ex rel. Brickner v. Saitz*. In that case, the trial court had fixed the amount of a supersedeas bond at the amount of the insurance coverage, which was approximately one-fourth the amount of the judgment appealed from. The Supreme Court of Missouri in prohibition ordered the trial court to fix the amount of the bond at the full amount of the judgment, as provided by Rule 81.09. The court went ahead to say:

We believe, however, that the bond which has been posted is adequate to support a stay of proceedings in execution and garnishment directed against the insurance company. The solution achieved in *Thompson v. Gibson*, 277 S.W.2d 527 (Mo.1955) *supra*, is a sound one. The bond guarantees the availability of the insurance proceeds if the judgment is affirmed in whole or in part. There is no reason to put the insurance company to the choice of paying the plaintiff the full amount of its coverage, with restitution in the event of reversal possibly in jeopardy, or of putting up a bond for the non-covered portion of the judgment so as to provide effective coverage which the insured did not buy. Rule 81.09 affords substantial discretion

in marshalling security, so long as security is the ultimate goal.

We accordingly modify the provisional rule to specify that proceedings of execution and garnishment against Professional Mutual Insurance Company may be stayed so long as the present bond remains in effect. *Brickner*, 664 S.W.2d at 214.

The respondent asserts, however, the insurance company is, or may be, liable for the full amount of the judgment because of its bad faith, or negligent failure to settle plaintiff's claim within the policy limits, under the rule of *Ganaway v. Shelter Mutual Insurance Company*, 795 S.W.2d 554 (Mo.App.1990). This feature, says respondent, distinguishes the present case from *Brickner*. If relator Kissell has a *Ganaway* claim against State Farm, that remains to be established in another proceeding. The possibility of the establishment of such a claim has nothing to do with the present case.

Respondent argues that, if the insurance company is to be protected from garnishment by the filing of a supersedeas bond in the amount of the policy limits, the bond should cover interest on the entire judgment, and should not be limited to interest on the amount covered by insurance.

The amount of the partial supersedeas bond, which will stay garnishment of the proceeds of the insurance policy, should be in an amount which the insurance company will reasonably be expected to pay under the terms of the policy if the judgment is affirmed or the appeal dismissed. The principal amount is $100,000. We do not have the policy before us, and we cannot say how much interest the insurance company would be liable for under its policy. We must remand the case to the trial court who will determine the estimated amount of those "costs on the appeal, interest and damages for delay," *see* Rule 81.09(b), for which the insurance company will be liable should the judgment become final. The amount of the partial supersedeas bond will be the provisional amount so determined, added to the $100,000 policy limit.

Upon the filing of such a partial supersedeas bond with sufficient security, garnishment proceedings against the insurance company will be stayed pending the disposition of the appeal.

We modify the provisional rule in accordance with the preceding paragraph. As so modified, the provisional rule is made absolute.

All concur.