See also 868 S.W.2d 526.

Amy **KRENSKI**, Plaintiff/Appellant,

v.

**CONTINENTAL CASUALTY COMPANY,**
**Defendant/Respondent.**

No. 67809.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 7, 1995.

David J. Rauscher, Kathleen L. Rauscher, David J. Rauscher, P.C., Clayton, for appellant.

Daniel T. Rabbitt, Suzanne Woodard, Rabbitt, Pitzer & Snodgrass, St. Louis, for respondent.

SMITH, Presiding Judge.

Plaintiff, Amy Krenski, appeals from the trial court's grant of defendant Continental

Casualty's motion for summary judgment on plaintiff's claim against a supersedeas bond issued by defendant. We affirm.

Krenski sued Richard Aubuchon for personal injuries arising from an automobile accident. She was awarded a judgment of $108,266.63, which included interest, against Aubuchon. Aubuchon appealed the judgment to this court. Aubuchon had a liability insurance policy for $25,000 through Atlanta Casualty Company. Atlanta filed, and this court granted, an application for leave to file an appeal bond. We set the amount of bond at $45,000, and stayed execution only against Atlanta. The bond was posted by Atlanta in the prescribed amount with Continental Casualty Company as the surety. We affirmed the judgment in favor of Krenski. *Krenski v. Aubuchon*, 841 S.W.2d 721 (Mo.App.1992). Atlanta tendered the limits of its liability policy, plus post-judgment interest (a total of $27,995.89) to the trial court. The court entered an order of partial satisfaction of judgment but noted that issues remained in the case concerning the amount of additional pre-judgment and post-judgment interest.

Plaintiff sought a summary judgment on the appeal bond which was denied by the court and from which denial Krenski appealed. That summary judgment was to recover an additional amount for pre- and post-judgment interest. While that appeal was pending, Krenski initiated an equitable garnishment action against Atlanta. Atlanta then deposited an additional $17,553.55, representing pre- and post-judgment interest plus costs for the equitable garnishment. The parties signed a consent judgment stipulating that the $17,553.55 was in satisfaction of the judgment between plaintiff and Atlanta. Thereafter plaintiff's appeal was dismissed by this court because there was no final appealable judgment. *Krenski v. Aubuchon*, 868 S.W.2d 526 (Mo.App.1993). In the opinion dismissing plaintiff's appeal this court noted that "It is agreed Atlanta Casualty has paid plaintiff all that it owed on the policy it issued to defendant Aubuchon."

Plaintiff then filed this action against Continental Casualty, the surety on Atlanta's bond. Both parties filed motions for summary judgment. The trial court denied plaintiff's motion and granted defendant's. This appeal followed.

■ Plaintiff acknowledges the general rule that if a principal is discharged from its bonded obligation, the surety's obligation also terminates. *State ex rel. Missouri Highway and Transportation Commission v. Morganstein*, 703 S.W.2d 894 (Mo. banc 1986) [1–3]; *Continental Bank & Trust Co. v. American Bonding Co.*, 605 F.2d 1049 (8th Cir.1979) [1]. If the principal performs the underlying promise, the surety is not liable. In general, the obligation of a surety is both measured and limited by the principal's obligation. *Morganstein, supra.* There is no dispute that Atlanta has been discharged from its bonded obligation, to which Continental was the surety. Plaintiff contends that there is an exception to the general rule when a surety, by the terms of its contract, takes on greater and different obligations than the principal. She relies upon certain language of the bond and the case of *School District No. 37 In Butler County v. Aetna Accident & Liability Co.*, 234 S.W. 1017 (Mo. App.1921) (hereinafter *Aetna*).

The conditions for payment of the bond relied upon by plaintiff are:

"WHEREFORE, if appellant, Richard D. Aubuchon, should himself satisfy the judgment in full, if appellant's insurer, the Atlanta Casualty Company, should satisfy the judgment in full, or if the judgment is reversed in part or in full, then the obligation of the surety, Continental Casualty Company, shall be void; otherwise the obligation of the surety, Continental Casualty Company, remains in full force and effect to be executed at the order and direction of the Eastern District Court of Appeals, State of Missouri."

The judgment against Aubuchon has never been satisfied in full by Aubuchon or by Atlanta, and the judgment has not been reversed. Atlanta has satisfied in full its obligation under its insurance policy in an

amount exceeding the amount of Continental's bond. The bond did not stay execution against Aubuchon and was not posted for his benefit. Under the general rule, upon the discharge of the principal, Atlanta, the obligation of the surety, Continental, terminated. The bond specifically provides that the principal and surety "are held and firmly bound in the sum of Forty–Five Thousand Dollars ... for which ... we bind ourselves ... *jointly and severally* ...." (Emphasis supplied)

The *Aetna* case relied upon by plaintiff recognized the general rule but added an exception when the surety, by the terms of its contract, casts upon itself a greater and different obligation than the principal. Defendant seeks to distinguish *Aetna* on the basis that *Aetna's* obligations under the bond were substantially different than Continental's under this bond and that in *Aetna* the principal had never paid any part of the debt involved. Whatever the merits of those distinctions we believe a more substantial distinction exists because *Aetna* was required to satisfy the very debt for which its bond was executed. Some further discussion of *Aetna* is required.

The Poplar Bluff School District entered into a contract with Lewis and Kitchen to have them furnish all materials and perform all the work for the installation of a heating and ventilating system in the new high school building. Aetna furnished a bond for the project which provided that if Lewis and Kitchen performed and fulfilled all obligations of its contract the bond obligation would be void. One of the conditions of the bond was that Lewis and Kitchen "shall repay the said school district, all sums of money which they may pay to other persons on account of work and labor done or materials furnished on or for said buildings...." The contract between the District and Lewis and Kitchen provided for the contractor to furnish all material and labor for the heating project but did not provide that the contractor pay the suppliers of those items. Lewis and Kitchen went bankrupt leaving suppliers unpaid for materials used in the school building.

One of those suppliers sued the members of the school board on the basis that the board had failed to require the bond required by statute for work done on public buildings and the members were personally liable for the unpaid money. In *C.A. Burton Machinery Co. v. Ruth*, 194 Mo.App. 194, 186 S.W. 737 (1916) and *C.A. Burton Machinery Co. v. Ruth*, 196 Mo.App. 459, 194 S.W. 526 (1917) the Springfield Court of Appeals ruled in favor of plaintiff-supplier. The basis of the latter decision was that the contract between the school board and Lewis and Kitchen did not require the contractor to pay the supplier, only that the contractor furnish the materials. The bond only obligated the surety for breach of the contract and the materialman could not sue on the bond because the contract and bond did not obligate the contractor to pay the materialman. The court concluded that the bond did not comply with the statute which was intended to protect the materialman and that the board members were personally liable because they had failed to require the bond mandated by the statute.

*Aetna* was a suit by the members of the school board to recover from Aetna as surety the amounts they were required to pay to materialmen as a result of the Burton cases. The court held that the contract between the contractor and the board did not require the contractor to repay the board for moneys paid to materialmen, but the bond did. It then held that:

> "While it is a general rule that whatever avoids the obligation of the principal releases the surety or guarantor, the surety may by the terms of his contract cast upon himself greater and different obligations than rest upon the principal. Whether the surety has thus made himself liable depends upon his contract and the *intention of the parties thereto*." (Emphasis supplied)

The bond executed by Aetna was intended to protect materialmen in the event of nonpayment by the contractor as required by statute. Because of technical deficiencies in the contract between the board and the con-

tractor, that protection was not afforded. It is within that context that the quote above, relied upon by plaintiff, must be evaluated. The court's opinion imposed upon Aetna an obligation to pay the very debts which its bond was intended to cover as mandated by a statute. The court essentially enforced the intention of the parties when the bond was originally posted by requiring Aetna to reimburse the board members for payments they were required to make to materialmen because of technical deficiencies in the contract and bond. We are unwilling to apply *Aetna* beyond those narrow confines in which it was decided.

Here it was the intention of the parties and of this court that the bond would cover the obligation of Atlanta, rather than the entire judgment, and would serve to delay execution only as to Atlanta. Appeal bonds limited to the amount of insurance coverage rather than the full judgment have been judicially approved in this state. *State ex rel. Brickner v. Saitz,* 664 S.W.2d 209 (Mo. banc 1984) [13–14]; *State ex rel. Kissell v. Clark,* 848 S.W.2d 44 (Mo.App.1993). The joint and several language of the bond reflects it was intended to cover only the obligation of Atlanta. The bond "is to be construed most favorably to the obligee and against the surety, ... and *it is to be given the effect and office the parties intended.*" *Bolivar Reorganized School District No. 1, Polk County v. Am. Surety,* 307 S.W.2d 405 (Mo.1957) [1, 2]. The language relied upon by plaintiff creates at most an ambiguity, to be resolved by the intentions of the parties to the bond, Atlanta and Continental. Those intentions are clear. Plaintiff suffers no prejudice from enforcing the bond as intended by the parties. She would gain a windfall from Continental not contemplated by the parties, this court or the plaintiff herself at the time the bond was executed if her interpretation were accepted.

Judgment affirmed.

GARY M. GAERTNER and RHODES, JJ., concur.