# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3745

_____

| | | |
|---|---|---|
| Kevin L. Stevens; Bank of America, Conservator of the Estate of Samuel Jay Ramsey; Gail Ramsey; Kathryn Ramsey-Fogelbach, | * * * * | |
| | * | Appeal from the United States |
| Appellees, | * | District Court for the Western |
| | * | District of Missouri. |
| v. | * | |
| | * | [UNPUBLISHED] |
| IGF Insurance Company, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2002

Filed:  April 23, 2002

_____

Before HANSEN, Chief Judge, McMILLIAN and FAGG, Circuit Judges.

_____

PER CURIAM.

IGF Insurance Company issued an automobile insurance policy with a $25,000 coverage limit to Kevin L. Stevens.   Samuel Jay Ramsey was severely injured in an accident with Stevens.  After IGF refused to settle for policy limits, a lawsuit was brought on Ramsey's behalf in Missouri state court.  IGF defended Stevens at trial, and a jury awarded $15 million to Ramsey.  Stevens filed a notice of appeal, which is still pending.  Stevens then asked IGF to file an appeal bond for the entire $15

million judgment based on the policy's supplementary payments provision, which states, "In addition to our limit of liability, we will pay on behalf of an 'insured': . . . . Premiums on appeal bond[s] . . . in any suit we defend." IGF refused, stating the policy does not require it to pay premiums for bond amounts that exceed policy limits. IGF paid the $25,000 policy limits into the registry of the court, and Ramsey accepted it. Stevens later filed a state lawsuit seeking a declaratory judgment that his insurance policy requires IGF to pay the premium for an appeal bond covering the total judgment amount. Stevens asked the court to construe the insurance contract, determine IGF had breached it, and require IGF to pay the bond premium. IGF removed the case to federal court based on diversity of citizenship. The district court granted summary judgment to Stevens, holding the insurance policy obligates IGF to pay the bond premium for the full amount of the judgment. The district court declared IGF had breached its contract with Stevens and ordered IGF to pay the premium on an appeal bond in the underlying state appeal.

IGF appeals arguing the district court committed error in granting summary judgment based on the policy's terms, in concluding Stevens was damaged if the appeal bond was not posted, and in requiring IGF to pay the premium. We need not decide whether the district court correctly construed the policy because we conclude that under the circumstances of this case, the district court went too far in ordering IGF to pay the bond premium.

Under Missouri law, an appellant need not post a bond to appeal an adverse judgment. State v. Saitz, 664 S.W.2d 209, 213 (Mo. 1984). The bond serves only to stay execution of the judgment against the party who posts it. Id. Stevens does not need an appeal bond to protect him from execution of the judgment, however. Ramsey and Stevens entered into a written agreement assigning Stevens's bad faith cause of action against IGF to Ramsey. In exchange for the assignment, Ramsey agreed not to "levy execution or garnishment or collection . . . against the personal assets or income of [Stevens] unless and until [Ramsey] has exhausted all reasonable

efforts to collect the total amount of said judgments from IGF Insurance Company through the filing and prosecution of a 'bad faith' lawsuit." (Joint App. at 177-79.) Ramsey has not yet filed and prosecuted a bad faith lawsuit against IGF. Thus, given the agreement between Stevens and Ramsey, an appeal bond is unnecessary to prevent execution of the judgment against Stevens while his state appeal is pending.

In sum, the district court should have denied declaratory relief because Stevens does not need a declaration about the IGF policy's bond provision to satisfy the bond's purpose under state law. We thus vacate the judgment and remand for entry of judgment consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-